909 F.Supp. 207 (1996)
Michael YAMEN, by his parents and legal guardians, William and Nancy YAMEN, Plaintiffs,
v.
The BOARD OF EDUCATION OF the ARLINGTON CENTRAL SCHOOL DISTRICT, Donald Rothman, as Superintendent of the Arlington Central School District, Thomas Sobol, as Commissioner of the New York State Department of Education, and the New York State Department of Education, Defendants.
No. 95 CV 0454 (BDP).
United States District Court, S.D. New York.
January 3, 1996.
*208 Kenneth S. Ritzenberg, Young Stockli & Rowe, Albany, NY, for Plaintiffs.
Raymond G. Kuntz, Bedford Village, NY and Steven Jacobi, Office of the Attorney General, New York City, for Defendant.

MEMORANDUM DECISION AND ORDER
PARKER, District Judge.

BACKGROUND
This action for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232-g, the Civil Rights Act, 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution is before this Court on the motion of the New York State Department of Education and Thomas Sobol ("the State defendants") to dismiss, pursuant to Rules 12(b)(1), 12(b)(6), 12(h)(3) and 21 of the Federal Rules of Civil Procedure. The State defendants have also moved pursuant to Rules 12(b)(1), 12(b)(6) and 12(h)(3) of the Federal Rules of Civil Procedure, to dismiss the "counterclaims" (as opposed to "cross-claims") against them.

FACTS
The facts as alleged in the complaint are as follows: Michael Yamen is a 20-year old disabled resident of the Arlington School District. He has been classified as multiply handicapped. Plaintiffs William and Nancy Yamen are the parents and legal guardians of Michael and have brought this action against the Board of Education of the Arlington School District ("the District"), Donald Rothman, the Superintendent of the Arlington School District, the New York State Department of Education ("the State") and Thomas Sobol, the Commissioner of Education *209 ("the Commissioner"). (The State and the Commissioner are collectively "the State Defendants").
Michael attended the District's North Campus High School during the school years 1991-92 and 1992-93. The Yamens allege that the individualized educational program ("IEP") developed for Michael for the school years 1991 through 1995 by the District's Committee on Special Education were inadequate for a variety of reasons, including the Committee's failure to include a transition plan, to take into account diagnostic vocational evaluations performed on Michael in 1992 and 1993, and to perform an evaluation before making significant placement and programmatic changes.
In the summer of 1993, the Yamens enrolled Michael in a summer program at the Maplebrook School. Observing growth in Michael's academic and daily living skills that summer, the Yamens enrolled him at the Maplebrook School for the 1993-94 school year. The District denied the Yamens' request that it declare Michael's placement at the Maplebrook School appropriate, and that it provide tuition and transportation to the Maplebrook School for the 1993-94 school year. Although the complaint alleges that the Maplebrook School is in compliance with IDEA requirements, it is not on the New York State list of approved private schools.
In March of 1994, the Yamens requested an impartial hearing based upon the District's proffering of inappropriate IEPs and its refusal to recommend placement at the Maplebrook School and pay tuition. The District appointed an impartial hearing officer from a list established by the State and the hearing was held between May 12, 1994 and June 16, 1994. In a decision, dated August 18, 1994, the hearing officer held that the Committee's placement of Michael at the North Campus High School, as the least restrictive environment, was appropriate.
The Yamens appealed to the State Review Officer, who issued a decision, dated November 2, 1994, in which he found the District's placement inappropriate. The State Review Officer, however, also upheld the denial of tuition reimbursement for the Yamens' private placement at the Maplebrook School because it found that the Yamens had failed to demonstrate that it was appropriate. On January 23, 1995, the Yamens filed the complaint in this action, alleging that they had exhausted all administrative remedies and seeking monetary, declaratory and injunctive relief. On March 20, 1995, defendants Board of Education and Rothman filed an answer and counterclaim, appealing that portion of the State Review Officer's decision which found the District's recommended program for the 1993-94 school year inappropriate.

DISCUSSION
The State defendants have moved to dismiss the claims against them for failure to state a claim on the grounds that the Yamens do not have standing to challenge an alleged State policy of refusing to reimburse school districts for tuition paid to a parent who unilaterally placed a child in an nonapproved school, that they are not proper parties to this action and that pursuant to the Eleventh Amendment this Court lacks subject matter jurisdiction over the § 1983, Fourteenth Amendment and state law claims.
The Yamens allege that the District's denial of funds for the Maplebrook placement was attributable to a memorandum, attached to the complaint as Exhibit I, from the State to local school districts explaining that the State would not reimburse school districts for a parent's placement of a child in a nonapproved school. The State defendants argue that the Yamens do not have standing to challenge this alleged policy.
To have standing, a plaintiff must (1) allege personal injury (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Here, the complaint fails to allege that the Yamens' injury is fairly traceable to the State defendants' allegedly unlawful policy.
Neither the decision of the impartial hearing officer, dated August 18, 1994, nor the State Review Officer, dated November 2, 1994, attached to the complaint as Exhibits T and U, relied upon the State's alleged policy of refusing reimbursement for placements in *210 nonapproved schools in denying the Yamens' request for reimbursement. In fact, the decision of the impartial hearing officer did not even mention the fact that the Maplebrook School was nonapproved, and the decision of the State Review Officer explicitly held that the fact that the Maplebrook School was nonapproved was not dispositive in his denial of the Yamens' request for tuition reimbursement. Rather, the Yamens' failure to show that the Maplebrook School was an appropriate placement precluded the State Review Officer from awarding tuition reimbursement. Thus, the Yamens have failed to allege that their injury is fairly traceable to the defendant's allegedly unlawful conduct.
The State defendants have also moved to dismiss the claims against them on the grounds that they are not proper parties to the action. Specifically, they argue that the remaining claims against themthe Tenth, Eleventh, Thirteenth and Fourteenth causes of actionfail to state a claim against them. The Tenth cause of action alleges that the State maintained a list of approved independent hearing officers and the hearing officer in this case, "failed to receive documents in evidence and inappropriately denied plaintiffs' expert access to the district's proposed program." The Eleventh cause of action merely alleges that the District failed to afford the Yamens a fair and impartial hearing. The Thirteen cause of action merely alleges that the defendants receive federal financial assistance and "have discriminated against Michael due to his disability in violation of Section 504." The Fourteenth cause of action merely alleges that "defendants have violated and continue to violate Michael's Constitutional and federal statutory rights, all actionable under 42 U.S.C. § 1983."
In opposition, the Yamens argue that the State defendants are proper parties because of their involvement with the District's allegedly inappropriate program and placement recommendations and procedures. In support of their claims, the Yamens point to the following allegations of involvement. First, Michael was referred for a neuropsychological evaluation by the State and the Yamens contacted the State for the purpose of transition planning. Second, the hearing officer in this case was appointed from a State list of approved hearing officers. Third, the State Review Officer's decision, dated November 4, 1995, is written on the State's letterhead. Fourth, the State Review Officer's decision, dated November 4, 1995, placed the State defendants on notice that Michael had been denied a free appropriate education. Finally, the State defendants failed to fulfill their statutory duties to monitor Local Education Agencies to ensure that they carry out their specific responsibilities under the IDEA and § 504.
In Dorian G. v. Sobol, 93 CV 0687, 1994 WL 876707 (J. Nickerson) (E.D.N.Y. January 25, 1994), the plaintiff brought an action under the IDEA against Commissioner Sobol seeking reimbursement for residential expenses incurred during the plaintiff's enrollment at a private school for emotionally disturbed children. The plaintiff argued that Commissioner Sobol could be held liable for failure to meet his statutory duties of "general supervision" over the New York City school system. The court, however, granted Commissioner Sobol's motion to dismiss for failure to state a claim by distinguishing Jose P. v. Ambach, 669 F.2d 865 (2d Cir.1982), which held that the Commissioner could be held liable for general supervisory violations.
The court distinguished Jose P. on the grounds that it was a class action for systemic violations of federal and state law, proceeding under 20 U.S.C. § 1412(6), which explicitly states that "the State educational agency shall be responsible for assuring that all the requirements of this subchapter are carried out." Dorian G., on the other hand, involved an administrative appeal, under 20 U.S.C. § 1415, of an individual plaintiff. In addition, in Jose P., the Court of Appeals found that the Commissioner had conceded failure to meet his statutory duties by a letter indicating to the district court stating that he had no objection to the proposed judgment.
Here, as in Dorian G., an individual plaintiff has filed a complaint alleging that this Court has jurisdiction pursuant to 20 U.S.C. § 1415, rather than 20 U.S.C. § 1412(6) as in Jose P.. There are no allegations of systemic violations of federal and state law. Moreover, *211 since the amendment of the New York State Education Law § 4404, Commissioner Sobol is no longer involved in the § 1415 administrative appeals process. See Board of Education v. Sobol, 160 Misc.2d 539, 544, 610 N.Y.S.2d 426, 429 (Sup.Ct.1994). In addition, there is no letter from the Commissioner indicating that he has no objection to a judgment in this action.
The Yamens have merely alleged in conclusory and general fashion that the State defendants have violated their constitutional and statutory rights. The complaint contains no allegation of any action or practice on the part of the State defendants, other than the State policy to refuse reimbursement to districts for nonapproved school tuition discussed above, that may have led to the alleged procedural deficiencies at the district level, the impartial hearing or before the State Review Officer. The complaint simply contains no adequate allegations as to how the State defendants have violated the Yamens' constitutional or statutory rights. See, e.g., Bruschini v. Board of Education, 95 CV 0455, 1995 WL 807107 (J. Brieant) (S.D.N.Y. May 16, 1995).
Although, on a motion to dismiss, this Court is required to accept the allegations in the complaint as true and may not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957), complaints containing only conclusory, vague or general allegations cannot survive a motion to dismiss. See, e.g., Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97, 107 (2d Cir.1981). Accordingly, the State defendants' motion to dismiss the claims against them is granted. Because the Court grants the State defendants' motion to dismiss the complaint on the basis that they are not proper parties to this action, it does not reach the Eleventh Amendment issue.
Defendants Board of Education and Rothman have withdrawn their "counterclaims" as against the State defendants only. Accordingly, the State defendants' motion to dismiss the counterclaims as against them is moot.
In conclusion, the motion to dismiss the complaint as to the New York State Department of Education and Commissioner Thomas Sobol is granted. The counterclaims as against the New York State Department of Education and Commissioner Thomas Sobol are withdrawn.
SO ORDERED.